**UNITED STATES ex rel. PERCAS v. KARNUTH, District Director of Immigration, et al.**

District Court, W. D. New York.
July 26, 1939.

Milo I. Tomanovich, of Rochester, N. Y., for relator.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Goodman A. Sarachan, of Rochester, N. Y., of counsel), for respondents.

BURKE, District Judge.

The relator is in custody of the immigration authorities by virtue of a warrant of deportation. He seeks his release by habeas corpus. He has been ordered deported upon the grounds (1) that the visa which he presented at entry was invalid because procured by fraud or misrepresentation, (2) that at the time of his entry he was not a non-quota immigrant as specified in visa. The entry upon which he is being deported was on December 12th, 1934.

One of relator's contentions is that he was not accorded a fair hearing by the immigration authorities. The basis of this contention is that although the immigration inspectors formally notified the relator that he was entitled to be represented by counsel in the deportation proceedings, that they had previously told him that there was no necessity for him to be represented and that it would do him no good. Upon this issue a hearing has been had and evidence taken. I am satisfied from the evidence that the relator was accorded a fair hearing.

The evidence in the deportation proceeding establishes that the relator first entered the United States in 1910. He returned to his native country Greece in 1920, spent two years in the Greek army, remained there four additional years, and returned to this country in 1926. He entered Canada under an assumed name and under a Bulgarian passport. He entered this country from Canada in 1926 without a visa and he paid no head-tax. He left this country in July, 1933, and returned in December 1934, and was admitted on a visa issued by the United States Consul in Greece. When he applied for his visa he did not disclose that he had lived in Greece from 1920 to 1926.

Upon the application for a visa it was his duty not only to answer the questions asked him truthfully, but to suppress nothing that was material to the application. Fraud may consist of intentionally suppressing the truth as to material facts as well as affirmative misrepresentation. The facts suppressed were material to the question of whether a visa should issue.

Had they been disclosed the United States Consul would have been justified in refusing the visa. United States ex rel. Iorio v. Day, 2 Cir., 34 F.2d 920.

The relator was specified in the visa as a non-quota immigrant but the evidence establishes that he was not actually one. He was not "an immigrant previously lawfully admitted to the United States, who is returning from a temporary visit abroad" as defined by the statute. 8 U.S.C.A. § 204(b).

He is deportable because at the time of his entry in 1934 he was not entitled to enter under the visa issued to him. The writ is dismissed and the relator is remanded to the custody of the immigration authorities.